Kirkpatrick, C. J.
This is an action of debt on a bond, dated April 12th, 1812, with condition thereunder written, that if the said defendant shall pay to the said Mary Manning (the plaintiff’s intestate) or to her certain attorney, the sum of 55 dollars annuity, that is to say, the sum of 55 dollars, money of the United States, yearly and every year, from the date of the said bond, as long as she shall remain the widow of Joseph Manning, *without fraud, &c. then the said obligation to be void, otherwise, &c.
It appears by the state of demand, that Mary Manning, died on the first day of April 1817, being eight days before the annuity for that year became due. For this cause the defendant moved for a nonsuit on the trial; but the justice being of opinion that the objection was not well founded in law, overruled the motion, and put the cause to the jury, who found a verdict for the plaintiff for 53 dollars, 80 cents, for which judgment was entered.
No principle is better settled than that if a bond be for the payment of an annuity at a day certain, and the annuitant die before the day, the annuity for that year is lost. Oro. Eliz. 565.
The deceased in this case, could not, herself, have recovered this annuity on the first of April 1817, if she had been living; the day of payment had not then come; and surely her administrators can have no greater right than she herself would have had.
It is not to be likened to the case of a common bond *164 for money, which creates a debt in presentí solvendum in where the debt exists presently, though to be paid a future day; and where interest accrues every day for forbearance of the principal.
Here the . condition of the bond is, that if the defendants shall pay to the said deceased, the sum of 55 dollars, on the eighth of April every year during her widowhood, the said bond shall be void.
Now they might safely have pleaded that they did pay the said sum on the eighth of April every year during her widowhood, for the fact really was so. And this was, literally, a performance of the condition of the bond. What a court of equity might do under special circumstances, is another question. Here we are in a court of law.
The parties too, seem to have understood the principle of the law in this respect, for the bond is not made payable to executors and administrators as is usual, but only to the obligee herself.
The judgment must be reversed.
^Southard J.
Remarked, that the first reason relied on, could not avail. The service on - D. Manning was void, but then it was an unnecessary act, performed by ■ the constable, at the request of the plaintiffs. The service was complete and perfect, before that act, so as to justify judgment against both the defendants. Nor was the second reason more substantial. The law does not require the written evidence, to appear upon the record, except so far as it may have been objected to, or overruled.
By the whole Court. Let the judgment be reversed.